IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM K. LAWRENCE,  Plaintiff, | : : : | |
| v. | : : | CIVIL ACTION NO. 21-CV-2706 |
| CITY OF LANCASTER, *et al.*  Defendants. | : : | |

## MEMORANDUM

**BAYLSON, J.**                                                                                                                                                                        **August 3, 2021**

      Plaintiff William K. Lawrence, a prisoner incarcerated at SCI-Houtzdale, brings this *pro se* civil action pursuant to 42 U.S.C. § 1983, raising constitutional claims against the City of Lancaster and the Manheim Police Department[1] based on his arrest, prosecution, and conviction in Lancaster County. For the following reasons, the Court will dismiss the Complaint in its entirety for failure to state a claim, pursuant to 28 U.S.C. § 1915A(b)(1).

**I.**       **FACTUAL ALLEGATIONS**

      Lawrence alleges that on August 30, 2016, he was arrested by officers of the Manheim Police Department and criminally charged with assaulting his girlfriend. (ECF No. 1 at 1-2.) He claims that, between August 31 and September 2 of 2016, officers "conducted an illegal search and seizure" at his girlfriend's residence. (*Id.* at 2.) Lawrence also alleges that detectives and the prosecutor conducted an investigation in August and September 2016 that exceeded their jurisdiction. (*Id.*)

---

[1] Lawrence spelled Manheim incorrectly in his Complaint. The Court will use the correct spelling.

1

Lawrence alleges that the charges against him were dropped, but then reinstated, and that on December 8, 2017, he was convicted after a jury trial. (*Id.*) He was subsequently sentenced 10 ½ to 27 ½ years of incarceration. (*Id.*) Public records confirm that Lawrence was arrested on August 30, 2016, that he was convicted of various counts of assault and related offenses in the Lancaster County Court of Common Pleas, and that he was sentenced on March 9, 2018. *Commonwealth v. Lawrence*, CP-36-CR-0004658-2016 (C.P. Lancaster). Lawrence's appeal was unsuccessful and post-conviction proceedings are ongoing in state court. *Id.*; *see also Commonwealth v. Lawrence*, No. 594 MDA 2018, 2019 WL 4390664 (Pa. Super. Ct. Sept. 13, 2019).

In his Complaint in the instant civil action, Lawrence claims that "several Constitutional violations were permitted throughout the judicial proceedings." (ECF No. 1 at 2.) Among other things, Lawrence notes that several items seized from the allegedly unlawful searches were "used during trial" even though they were not "finger printed or tested for DNA, nor witnessed by anyone on the case," that this and other evidence was improperly used to obtain his conviction, and that certain exculpatory evidence was not presented at trial. (*Id.*) He also alleges that the City of Lancaster prevented him from testifying in his own defense at trial and that the judge presiding over the trial committed various constitutional errors. (*Id.* at 3.) Lawrence also claims numerous other errors infected his criminal proceedings, including but not limited to speedy trial violations and the introduction of perjured testimony against him. (*Id.* at 3-5.)

The gist of Lawrence's claims is that the Defendants falsely arrested him, maliciously prosecuted him, and procured his unlawful conviction in violation of several of his constitutional rights. As relief, he seeks a hearing on the alleged constitutional violations, monetary damages, an admission of guilt, and an order preventing further constitutional violations. (*Id.* at 6.)

Lawrence initially filed this case in the United States District Court for the Middle District of Pennsylvania, but the case was transferred to this district, where venue is proper.[2] (ECF Nos. 5 & 6.) The docket reflects that Lawrence paid the fees to proceed with this civil action. (ECF No. 4.)

## II.     STANDARD OF REVIEW

Although Lawrence has paid the fees to commence this civil action, the Court is still obligated to screen his Complaint pursuant to 28 U.S.C. § 1915A, which requires that the Court "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." In doing so, the Court must dismiss a complaint or any portion thereof that "is frivolous, malicious, or fails to state a claim upon which relief may be granted." *Id*. § 1915A(b)(1). To survive dismissal for failure to state a claim, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "[M]ere conclusory statements[] do not suffice." *Id.* Additionally, the Court may dismiss claims based on an affirmative defense that is obvious from the face of the complaint. *See Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017). As Lawrence is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III.    DISCUSSION

Lawrence brings his claims pursuant to § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United

---

[2] Shortly after submitting his Complaint to the Middle District, Lawrence filed an identical complaint in this district, *see Lawrence v. the City of Lancaster*, Civ. A. No. 21-2576 (E.D. Pa.). That case was dismissed as duplicative of the instant case.

States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). For the following reasons, the Complaint fails to state a basis for a claim.

### A. Claims Against the Manheim Police Department

Following the decision in *Monell v. Dept. of Social Servs.*, 436 U.S. 658, 694 (1978), courts concluded that a police department is a sub-unit of the local government and, as such, is merely a vehicle through which the municipality fulfills its policing functions. *See e.g. Johnson v. City of Erie, Pa.*, 834 F. Supp. 873, 878-79 (W.D. Pa. 1993). Thus, while a municipality may be liable under § 1983, a police department, as a mere sub-unit of the municipality, may not. *Id.*; *Martin v. Red Lion Police Dept.*, 146 F. App'x 558, 562 n.3 (3d Cir. 2005) (*per curiam*) (stating that police department is not a proper defendant in an action pursuant to 42 U.S.C. § 1983 because it is a sub-division of its municipality); *Bonenberger v. Plymouth Twp.*, 132 F.3d 20, 25 (3d Cir. 1997) ("As in past cases, we treat the municipality and its police department as a single entity for purposes of section 1983 liability" citing *Colburn v. Upper Darby Township*, 838 F.2d 663, 671 n.7 (3d Cir.1988)); *Hadesty v. Rush Twp. Police Dep't*, Civ. A. No. 14-2319, 2016 WL 1039063, at *9 n.4 (M.D. Pa. Mar. 15, 2016). Accordingly, the Manheim Police Department is not a proper Defendant in this § 1983 action and will be dismissed with prejudice.

### B. Claims Against the City of Lancaster

#### 1. *Heck*-Barred Claims

Lawrence's claims challenging the constitutionality of his prosecution and convictions are not cognizable in a civil rights action at this time. That is because, "to recover damages [or other relief] for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff

must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (footnote and citation omitted); *see also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation) — no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) — if success in that action would necessarily demonstrate the invalidity of confinement or its duration." (emphasis omitted)).

Lawrence alleges that his prosecution and trial were infected with numerous constitutional errors that led to his unlawful convictions. Success on these claims would necessarily imply the invalidity of his convictions, which are currently intact, as they have not been reversed, vacated, or otherwise called into question. Accordingly, Lawrence's claims challenging his prosecution and convictions must be dismissed because they are not cognizable in a civil rights action such as this one.[3] *See, e.g.*, *McDonough v. Smith*, 139 S. Ct. 2149, 2157 (2019) (*Heck* applied to litigant's claims "asserting that fabricated evidence was used to pursue a criminal judgment"); *Nash v. Kenney*, 784 F. App'x 54, 57 (3d Cir. 2019) (*per curiam*) ("Nash's

---

[3] Even if these claims were cognizable, Lawrence has not alleged a basis for a claim against the City of Lancaster. To plead a basis for municipal liability under § 1983, a plaintiff must allege that the municipality's policy or custom caused the violation of his constitutional rights. *See Monell*, 436 U.S. at 694. "To satisfy the pleading standard, [the plaintiff] must . . . specify what exactly that custom or policy was." *McTernan v. City of York, PA*, 564 F.3d 636, 658 (3d Cir. 2009). The Complaint does not allege a municipal policy or custom that caused the constitutional violations alleged in this case. Furthermore, it appears Lawrence has sued City of Lancaster based on his prosecution in a state court by a state judge even though the Commonwealth of Pennsylvania bears responsibility for its courts rather than the local municipality.

malicious-prosecution and speedy-trial claims—which challenge his post-arraignment detainment—are barred by the favorable-termination rule of [*Heck*].")."). To the extent Lawrence seeks to challenge his convictions in federal court, he must do so by filing a petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 after exhausting state remedies. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."); *Davis v. Gauby*, 408 F. App'x 524, 526 (3d Cir. 2010) (*per curiam*) ("The portions of Davis's complaint that allege malfeasance by the prosecutor and trial judge, charge his attorney with constitutionally inadequate representation, and challenge his sentence fall squarely within *Preiser* and cannot be brought under § 1983.").

### 2. Time-Barred Claims

Lawrence's false arrest and unlawful search and seizure claims are not the type of claims that are categorically barred by *Heck*, but these claims fail because they are time barred. *See Heck*, 512 U.S. at 487 n.7 (discussing unlawful search claims); *Montgomery v. De Simone*, 159 F.3d 120, 126 n.5 (3d Cir. 1998) (explaining that "[plaintiff's] claims for false arrest and false imprisonment are not the type of claims contemplated by the Court in *Heck* which necessarily implicate the validity of a conviction or sentence"). Pennsylvania's two-year statute of limitations applies to these claims. *See* 42 Pa. Cons. Stat. § 5524; *Wallace v. Kato*, 549 U.S. 384, 387 (2007). "[T]he statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process." *Wallace*, 549 U.S. at 397. Illegal search and seizure claims generally accrue at the time of the

searches and seizures because that is when plaintiff knows or should know of his injury. *See, e.g.*, *Nguyen v. Pennsylvania*, 906 F.3d 271, 273 (3d Cir. 2018) (illegal search claims accrue at "the moment of the search"); *Barren v. Pa. State Police*, 607 F. App'x 132, 133 (3d Cir. 2015) (*per curiam*) (claims filed in 2014 based on searches and seizures of property in 2003 were time-barred because plaintiff "knew or reasonably should have known that he was injured by the allegedly unlawful searches and seizures at the time they occurred") (*per curiam*). Pursuant to the prison mailbox rule, a prisoner's complaint is considered filed at the time he hands it over to prison authorities for forwarding to the Court. *See Houston v. Lack*, 487 U.S. 266, 276 (1988).

Lawrence's Complaint indicates that he handed it to prison authorities for mailing on May 27, 2021. (ECF No. 1 at 7.) However, his arrest occurred on August 30, 2016, and it is apparent from his Complaint and the public docket for his criminal proceeding that Lawrecne was held pursuant to process more than two years before he filed his Complaint on May 27, 2021. Similarly, the searches he challenges occurred in 2016, more than two years before he filed his Complaint. Even assuming Lawrence was unaware of the searches on the dates they occurred, the Complaint indicates that he became aware of the searches in the course of his criminal proceeding because the searches resulted in evidence that was uses against him at trial in 2017. Accordingly, Lawrence's claims challenging his arrest and the allegedly unlawful searches and related seizures are time-barred.

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Lawrence's Complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915A(b)(1). Lawrence's claims will be dismissed with prejudice because amendment would be futile, with the exception of his *Heck*-barred claims against the City of Lancaster challenging his prosecution and convictions, which will be

dismissed without prejudice to him filing a new civil rights complaint only in the event his convictions are reversed, vacated, or otherwise invalidated.  *See Curry v. Yachera*, 835 F.3d 373, 379 (3d Cir. 2016).  Additionally, the dismissal of this § 1983 case does not preclude Lawrence from filing a *habeas corpus* petition pursuant to § 2254.  *See Rushing v. Pennsylvania*, 637 F. App'x 55, 58 n.4 (3d Cir. 2016) (*per curiam*).   An appropriate Order follows, dismissing this case.

**BY THE COURT:**

**/s/ MICHAEL M. BAYLSON**

**MICHAEL M. BAYLSON, J.**